UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRITANIA URIOSTEGUI RIOS | CIVIL ACTION NO. 1:25-CV-01320 SEC P |
| VERSUS | JUDGE EDWARDS |
| DONALD J TRUMP ET AL | MAG. JUDGE PEREZ-MONTES |

Before the Court is the Motion for Reconsideration filed by Petitioner.[1] Having reviewed the related filings, the Court will Order the Government to file a Sur-Reply to address the issues set forth below.

The Government's response to the Motion is supported by a Declaration from an employee of the Department of Homeland Security ("DHS"). The Government asserts, among other things, that Petitioner's post-removal order detention is not unlawfully prolonged because:

> Petitioner also has a significant criminal history that sets her apart from other petitioners who are seeking relief under the standard set in *Zadvydas v. Davis,* 533 U.S. 678 (2001).[2]

> Rios's detention remains lawful because (1) ICE has the discretion to continue the detention under Section 1231 due to Rios's criminal history …[3]

> [C]onsidering … ICE's finding that she is a danger to the community based on her criminal history, this Petitioner should not be released because … special circumstances exist that warrant continued detention 8 U.S.C. § 1231 (a).[4]

---

[1] Doc. 29.
[2] Doc. 35 at 1.
[3] Doc. 35 at 2.
[4] Doc. 35 at 4.

Petitioner has replied to the Government's response asserting that "petitioners in *Zadvydas* had significant criminal records, and the Supreme Court nonetheless unequivocally held that when removal is no longer foreseeable release is required."[5] Petitioner also cites to *Tran v. Mukasey*, 515 F.3d 378, 485 (5th Cir. 2008) to assert that there is no criminal history exception to the reasonable period of detention authorized under 8 U.S.C. § 1231 (a) and *Zadvydas v. Davis,* 533 U.S. 678 (2001).

The Court finds that the current briefing by the Government does not set forth the Government's authority for the position that Petitioner's criminal history authorizes her continued detention. If the Government intends to maintain this position, it should be supported. Further, through a separately filed Motion in Limine, Petitioner challenges the DHS employee's Declaration.[6] The Government has not filed a response to this motion, and the Court finds that a response is warranted. Accordingly,

IT IS HEREBY ORDERED that the Government shall file a Sur-Reply setting forth the authority for its position that Petitioner's criminal history authorizes her continued detention.

IT IS HEREBY FURTHER ORDERED that the Government shall file a response to the Petitioner's Motion in Limine (Doc. 36) which may be combined with the Government's Sur-Reply.

---

[5] Doc. 37 at 1, citing *Zadvydas v. Davis,* 533 U.S. 678, 699 (2001).
[6] Doc. 36.

IT IS HEREBY FURTHER ORDERED that the deadline for the Government's Sur-Reply is Monday, March 23, 2026.

THUS DONE in Chambers on this 12th day of March, 2026.

                                                                   _____
                                                                         JERRY EDWARDS, JR.
                                                                   UNITED STATES DISTRICT JUDGE