**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **BRITANIA URIOSTEGUI RIOS** | **CIVIL ACTION NO. 25-1320 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **DONALD J TRUMP ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### MEMORANDUM RULING AND ORDER

Before the Court is a Verified Petition for Writ of Habeas Corpus ("Petition") (R. Doc. 1), a Motion for Reconsideration (R. Doc. 29), a Motion in Limine (R. Doc. 36), a Motion for Evidentiary Hearing (R. Doc. 41), and a Motion to Expedite Consideration of the Motion for Evidentiary Hearing (R. Doc. 43), all filed by habeas Petitioner in this case, Britania Uriostegui Rios ("Petitioner"). Respondents (the "Government") have filed oppositions to the Motion for Reconsideration and the Motion in Limine (R. Docs. 35, 39).

After carefully considering the applicable law and the parties' memoranda, the Habeas Petition (R. Doc. 1) is **GRANTED**, and the Motions (R. Docs. 29, 36, 41, 43) are **DENIED AS MOOT**.

### BACKGROUND[1]

Petitioner is a citizen of Mexico who was ordered removed on March 14, 2025. The immigration judge simultaneously ordered deferral of removal to Mexico under

---

[1] A detailed summary of facts was provided in the Memorandum Ruling and Order (R. Doc. 28). The Court recounts only those relevant to its analysis under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

the protection of the Convention Against Torture.[2]  Both parties waived appeal and the order of removal became administratively final.[3]

On May 11, 2025, the Government sent a "[r]equest for acceptance of Alien" to Costa Rica, Nicaragua, and Honduras.[4]  On May 12, 2025, Honduras declined to accept Petitioner.[5] On May 13, 2025, Costa Rica declined to accept Petitioner.[6] Nicaragua never responded.[7]

On August 4, 2025, Petitioner was served with a notice of removal to El Salvador.[8] However, El Salvador has declined to accept Petitioner.[9] The Government contends that ICE "continues to explore options for removal to an alternate third country."[10] In support of this assertion, the Government shows that removal requests have been sent to Canada, Senegal, Ecuador, Portugal, Seychelles, and Liberia. Canada declined to accept the Petitioner.[11] The requests to the remaining countries were sent in January 2026 and the Government has not received any responses.[12] The Government also asserts that Guatemala has agreed to accept third country nationals but the agreement with Guatemala has not been finalized.[13]

---

[2] *See* R. Doc. 1 at 2.

[3] *See* R. Doc. 13-1 at 3.

[4] *See* R. Doc. 13-1 at 3. Petitioner contends that the Government also submitted requests for acceptance to Panama and Guatemala—which the Government claims is inaccurate. *See* R. Doc. 13 at 12; R. Doc. 16 at 5.

[5] *See* R. Doc. 13-1 at 3.

[6] *See id.*

[7] *See id.*

[8] *See* R. Doc. 13-1 at 3.

[9] *See* R. Doc. 26 at 5 and R. Doc. 35 at 2.

[10] *Id.*

[11] *See* R. Doc. 35-1.

[12] *See* R. Doc. 35-1.

[13] *See* R. Doc. 35-1.

2

## LAW AND ANALYSIS

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."[14]  However, § 1231(a)(6), under which Petitioner is detained,[15] authorizes detention beyond the removal period.[16]

Regardless of which provision of § 1231 authorizes detention of an alien subject to a final order of removal, detention may not be indefinite and is presumptively reasonable for only six months.[17]  Not every alien in custody will be entitled to release after the six-month period expires. In fact, the United States Court of Appeals for the Fifth Circuit has reiterated that *Zadvydas* creates no specific limits on detention, as aliens may be detained until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.[18]

To obtain relief under *Zadvydas*, a petitioner has the initial burden to show that post-removal-order detention has surpassed six months, and to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[19]

Petitioner has satisfied her initial burden.  She has now been detained by the Government for 12 months since her removal order became final, so the presumption of reasonableness no longer applies.  Additionally, Petitioner was granted deferment

---

[14] 8 U.S.C. § 1231(a)(1)(A)

[15] *See* R. Doc. 28.

[16] *See* 8 U.S.C. § 1231(a)(6)

[17] *Zadvydas*, 533 U.S. at 701.

[18] *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Zadvydas*, 533 U.S. at 701 (2001)).

[19] *Zadvydas*, 533 U.S. at 701.

of removal to Mexico, the only country to which she is a citizen. This deferment "is evidence of 'a clear institutional barrier to [Petitioner's] repatriation.'"[20] Finally, no country contacted by the Government has agreed to accept Petitioner.

The burden, therefore, shifts to the Government to come forward with evidence of a significant likelihood that Petitioner will be deported in the reasonably foreseeable future.[21] The Government presents the declarations of Assistant Field Office Directors Quincy Hodges and Justin Williams which confirm that, despite many requests, no country has agreed to accept Petitioner.[22] So, although the Government "continues to explore options for removal to an alternate third country,"[23] it is no closer to removing Petitioner now than it was a year ago. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future."[24]

In January, the Court found this was a close case.[25] Since then, no visible progress toward Petitioner's removal has been presented.[26] "[F]or detention to remain reasonable, as the period of prior post removal confinement grows, what

---

[20] *Hmung v. Bondi*, CIV-25-1303, 2025 WL 3657221, at *3 (W.D. Okla. Dec. 9, 2025), *report and recommendation adopted*, 2025 WL 3670499 (W.D. Okla. Dec. 17, 2025) (citations omitted) (collecting cases).

[21] *Zadvydas*, 533 U.S. at 701.

[22] *See* R. Doc. 13-1 at 3 and R. Doc. 35-1.

[23] *See* R. Doc. 26 at 5.

[24] *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

[25] *See* R. Doc. 28 at 7.

[26] Although some courts have held that "[a] 'lack of visible progress' in the removal process 'does not in and of itself meet [a petitioner's] burden of showing that there is no significant likelihood of removal,'" those cases involved repatriation.[26] Petitioner cannot be removed to her country of origin, and the Government has not identified any country willing to accept her. Therefore, this case is distinguishable.

4

counts as the 'reasonably foreseeable future' conversely would have to shrink."[27] Accordingly, the Court finds that Petitioner has met her initial burden to show there is no significant likelihood of her removal in the reasonably foreseeable future, and the Government has failed to rebut that showing.[28]

**CONCLUSION**

Considering the foregoing,

**IT IS ORDERED** that Petitioner's Habeas Petition (R. Doc. 1) is hereby **GRANTED**.  Petitioner must be released from detention by Thursday, March 26, 2026, under reasonable conditions of supervision to be established by the Government of Homeland Security.  The parties must file a Notice of Compliance within 24 hours of Petitioner's release.

**IT IS FURTHER ORDERED** that the Motions (R. Docs. 29, 36, 41, 43) are **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Chambers this 24th day of March, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[27] *Zadvydas*, 533 U.S. at 701 (2001).

[28] The Government's memoranda and the Hodges Declaration reference Petitioner's criminal history. However, the petitioners in *Zadvydas* were also criminals.  And under *Zadvydas*, § 1231(a)(6) does not authorize indefinite detention.  *See generally, Rodriguez Romero v. Ladwig*, 25-CV-1106, 2026 WL 321437, at *1 (M.D. La. Feb. 6, 2026) (petitioners' criminal histories are irrelevant to the court's analysis under *Zadvydas*); *Mofrad v. Bondi*, 2:25-CV-01319, 2026 WL 458115, at *1 (D.N.M. Feb. 18, 2026), *report and recommendation adopted*, 2026 WL 686542 (D.N.M. Mar. 11, 2026) (same).